UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
18-cv-20125

MILENA SUTAKOVIC,

      Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

      Defendants.
_____/

## **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Defendants, CG RYC, LLC, CG MIAMI RIVER LLC, FOOD AND LEVERAGE, LLC, STEPHANE DUPOUX, and MEYER CHETRIT by and through undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), hereby move to dismiss Plaintiff's Complaint for the following reasons, and in support state:

### **Allegations and Facts of the Case**

      1.    Counts I & II of Plaintiff's Complaint specifically allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Count I & II state in part that "Plaintiff is entitled to receive her full share of the tips that River Yacht Club collected from its patrons via the 18% gratuity as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. #1, ¶¶55 & 61].

2.     More specifically, in paragraph 10 of her Complaint, Plaintiff alleges she was a server at River Yacht Club ("RYC") and that she was to be compensated as a "tipped employee." [D.E. #1, ¶10].

3.     In paragraph 12 of her Complaint, Plaintiff states that she participated in a tip pool to share the "tips and gratuities that River Yacht Club collected from its patrons as service charges."

4.     However, Plaintiff was not hired as tipped employee as she alleges; she was hired as a commissioned sales employee and was compensated pursuant to 29 U.S.C. § 207(i), as were all of the Front of the House Staff. *See* Certification of Sami Kohen, dated January 29, 2018 ("Kohen Certification") attached hereto as **Exhibit "1."**[1]

5.     It is undisputed that River Yacht Club is a retail/service establishment. *See* Kohen Certification at ¶¶6-8.

6.     During Plaintiff's employment, RYC charged and collected a <u>mandatory service charge</u> which was added to guests' food and drink checks. *See* Kohen Certification at ¶10.

7.     Plaintiff is not owed any monies here because Plaintiff was paid all of the wages she was owed pursuant to 29 U.S.C. § 207(i). *See also* U.S. Department of Labor Fact Sheet #20 ("The representative period for determining if enough commissions have been

---

[1] "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir.2005); *see also Maxcess, Inc. v. Lucent Technologies, Inc.,* 433 F.3d 1337, 1340 (11th Cir.2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.")." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

paid may be as short as one month, but must not be greater than one year. The employer must select a representative period in order to determine if this condition has been met.").

8.     As its representative period, Defendants choose the period from May 1, 2017 through and including June 25, 2017 (the "Representative Period").

9.     The federal minimum wage during Plaintiff's employment by River Yacht Club and during the Representative Period was $7.25.  Plaintiff was paid at least one-and-half times the minimum wage rate ($10.875/hr.) for all of the hours she worked during this Representative Period:

| Work      | Days      | Hours | Gross Pay   | Hourly Rate |
|-----------|-----------|-------|-------------|-------------|
| 5/1/2017  | 5/14/2017 | 68.1  | $ 3,264.95  | $47.94      |
| 5/15/2017 | 5/28/2017 | 42.91 | $ 1,975.60  | $46.04      |
| 5/29/2017 | 6/11/2017 | 55.17 | $ 1,342.54  | $24.33      |
| 6/12/2017 | 6/25/2017 | 69.52 | $ 2,280.56  | $32.80      |

*See* D.E. #13.

10.    Accordingly, as Plaintiff was paid in excess of one-and-a-half times the minimum wage rate, Plaintiff's Complaint should be dismissed with prejudice because no monies are owed to her under the FLSA.

11.    In addition, in Count II of her Complaint, Plaintiff alleged that she "often worked in excess of 40 hours per week." [D.E. #1, ¶23].  However, as River Yacht Club was utilizing a 207(i) exemption, Plaintiff is exempt from overtime under the FLSA.

12.    Moreover, under Florida and federal law, Plaintiff has failed to state a claim that this Court can grant, and Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) and 12(b)(6).

13. Specifically, in Counts I & II, Plaintiff failed to properly plead or allege any federal law(s) or causes of action that would allow her to recover the "tips" that she alleges were misappropriated. Therefore, Plaintiff's Complaint must be dismissed with prejudice pursuant to Rule 12(b)(1) & (6) because this Court cannot grant the relief that Plaintiff has demanded under federal law.

14. Count III must be dismissed because Plaintiff has failed to properly allege the necessary elements that there was a contract between Plaintiff and an employer.

15. Counts IV & V must be dismissed because the counts can only survive if Plaintiff can prove (or allege at this stage of the proceedings) that there was a contract between Plaintiff and an employer because the FLSA does not allow plaintiffs to recover "misappropriated" tips. Plaintiff has failed to properly allege Count III, and Counts IV & V must therefore also be dismissed.

## MEMORANDUM OF LAW

### 1. Legal Standards

To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984).

**Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) may "assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings…" *Id.*  On the other hand, a facial attack challenges the sufficiency of the subject matter jurisdiction allegations in the complaint. It reviews the allegations as "it does when considering a Rule 12(b)(6) motion," construing the complaint "in the light most favorable to the plaintiff and accept[ing] all well-pled facts alleged in the complaint as true." *Id.*

**Fed. R. Civ. P. 12(b)(6)**

When reviewing a motion to dismiss for failure to state a claim, the court must accept as true "well-pleaded facts and reasonable inferences drawn from those facts. Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 Fed.Appx. 526, 527 n.2 (11th Cir. 2009).  A plaintiff must allege enough facts to state a claim for relief that is plausible on its face and sufficient to raise the right to relief beyond a speculative level.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To do so, a plaintiff must do more than provide labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

2. **Arguments**

**A. Plaintiff Was Paid All of the Wages She Is Due Under The FLSA Because She Was Paid in Excess of the Minimum Wage Pursuant to 207(i) - the Retail Sales Exemption**

As explained by the court in *Rappaport v. U.S. Communications, Inc.*, 2009 WL 10667089, at *4 (S.D. Fla. Aug. 25, 2009):

> The retail exemption from the FLSA contains three requirements: (1) the employee must be employed by a retail or service establishment; (2) the employee's regular rate of pay must exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which the overtime hours are worked; and (3) more than half the employee's total compensation in a representative period (not less than one month) represents commissions on goods or services. 29 U.S.C § 207(i). If an employer and employee fulfill the three requirements, then they are excluded from the protections of § 207(a)(1).

*Id.*, at *4.

As set forth above, Defendants operated a valid 207(i) exemption, and therefore Plaintiff was paid all of the wages owed to her pursuant to the FLSA.  Plaintiff received more than 1.5 times the federal minimum wage for each hour worked during each week of the Representative Period and more than half of her compensation for each pay period represents commissions on goods or services.  *See* 29 U.S.C. § 207(i); U.S. Department of Labor Fact Sheet #20; s*ee also e.g.,* copy of paystub attached hereto as **Exhibit "2"** which clearly shows the amount of money being paid to Plaintiff in each paycheck attributable to "Service Charges."

Specifically, § 207(i) states:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) **the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable** to him under section 206 of this title, and

> (2) **more than half his compensation for a representative period (not less than one month) represents commissions on goods or services**. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i) (emphasis added).

The issue then turns on whether Plaintiff's share of the service charges constitutes commissions for purposes of section 207(i). As shown on the menus attached hereto as **Exhibit "3,"** River Yacht Club charged a <u>mandatory service charge</u> to its customers. *See also* Kohen Certification at ¶10. In this District, "[a] **'service charge'** added by a hotel to every banquet bill, and then distributed (in whole or in part) to its banquet staff, **is properly classified as a "commission," and not a gratuity, under the FLSA.**" *Nascembeni v, Quayside Place Partners, LLP*, 2010 WL 2351467 at *2 (S.D. Fla. June 11, 2010) (citing *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F. 2d 1173, 1174-77 (7th Cir. 1987)) (emphasis added). Therefore, because Plaintiff was fully compensated pursuant to § 207(i), Plaintiff's Complaint should be dismissed with prejudice.

**B.      Plaintiff Is Exempt from the FLSA's Overtime Requirement**

Count II of Plaintiff's Complaint should be dismissed with prejudice because Plaintiff is exempt from the FLSA's overtime requirement as a result of the 207(i) exemption. Accordingly, Count II of the Complaint must be dismissed with prejudice.

**C.      Counts I & II Must Be Dismissed Pursuant to Rule 12(b)(1) and Rule 12(b)(6)**

In Counts I & II, Plaintiff claims that "Plaintiff is entitled to receive her full share of the tips that River Yacht Club collected from its patrons via the 18% gratuity as well as any

additional tips that the patrons voluntarily included to their respective bills." [D.E. #1, ¶¶55 & 61].  However, the FLSA case law cited below demonstrates that Plaintiff's request for reimbursement of the amount of tips that Plaintiff claims were "misappropriated" are not recoverable as alleged in Plaintiff's Complaint, and therefore both Counts, as far as they seek to recover "misappropriated tips" must be dismissed with prejudice.

### The FLSA Allows For Recovery of Wages, But Not Tips

Employee lawsuits brought under the FLSA may only recover the damages permitted by 29 U.S.C. § 216(b).  That section, in pertinent part, provides that: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Consequently, in the context of the unlawful use of the tip credit, an employee may only recover the amount of those tips that were designated for use as the tip credit – the tips which were unlawfully designated to complete payment of the prevailing minimum wage.  In a case in which the employer pays an hourly cash wage commensurate with the FLSA but utilizes the tip credit, the tip credit is all that is recoverable (and not the actual tips).  Put another way, the tip credit is all that would be required for payment of the full minimum wage if the tip credit had been utilized.  In such a scenario, the amount of the tip credit multiplied by the hours of unlawful use constitutes the total that is recoverable.  There is no free standing right under § 3(m) of the FLSA to recover tips in excess of those designated for the tip credit.[2]

---

[2] All of the front of the house employees were paid pursuant to a § 207(i) exemption. *See* Kohen Certification at ¶¶4-7.  Plaintiff's counsel is fully-familiar with the utilization of a 207(i)

8

Although limited, Eleventh Circuit case law addresses whether a plaintiff's complete recovery for tip-pool violations includes the tip credit plus the tips that the plaintiff contributed to the pool and were wrongfully distributed to ineligible employees. *See Holloway v. Rocchio Tunnel Marketplace Enterprises, LLC*, 15-61586-CIV, 2016 WL 4411346, at *3–4 (S.D. Fla. Feb. 29, 2016) ("If plaintiff is successful in her tip-pool claim, she will not be able to collect both the tip credit claimed by defendants and her tips improperly retained by employees ineligible to participate in the pool."). Other courts have similarly found such damages limited to the tip credit retained by the employer (and not the actual tips). *See e.g.*, *Mould v. JJG Food Serv., Inc.*, No. JKB-13-1305, 2014 WL 2768635, at *4–6 (D. Md. June 17, 2014) (holding that where tip-pooling arrangement fails to meet FLSA requirements, "the basis for the measure of damages, would be the difference between the wages paid and the applicable minimum wage," and plaintiff "is not entitled to recover his tips in damages"); *Garcia v. La Revise Assocs. LLC*, No. 08 Civ. 9356, 2011 WL 135009, at *5 (S.D.N.Y. Jan. 13, 2011) (holding that "plaintiffs [were] entitled to damages equal to the full minimum wage rate for every hour that they worked," where manager improperly participated in tip pool and plaintiffs received insufficient notice); *Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1355 n.2 (S.D. Fla. 2009) (approving tip credit as stipulated method of calculating damages where tip pool rendered invalid by participation of supervisors); *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (holding that "defendant must disgorge the amount of tip credit deducted from each plaintiff's wages during the period that the tip pool violated [the FLSA]" because general manager improperly participated in tip pool); *Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98, 102 (E.D.

---

exemption. *See Jorge Gutiereez, et al., v. Seasalt and Pepper, LLC, et al.*, 14-22852-CV-UNGARO (S.D. Fla. 2014).

Tenn. 1979) (holding that plaintiffs' compensatory damages equaled tip credit retained by employer for each hour worked where kitchen staff improperly participated in tip pool and plaintiffs received insufficient notice). *See also Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550–51 (6th Cir. 1999) (holding that each employee compelled to contribute to tip pool was "statutorily entitled" to payment of full minimum wage for all time logged during shifts where salad makers improperly participated in pool).

In the instant case, Plaintiff alleges that the managers and employer(s) illegally participated in the tip pool or retained a portion of Plaintiff's tips, and therefore "Plaintiff is entitled to receive [her] full share of the tips that River Yacht Club collected from its patrons via the 18% gratuity as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. #1, ¶¶55 & 61].  The courts in *Wajcman* and *Ayres, supra,* directly rejected the relief that Plaintiff is seeking in the case at bar, and stated in its holding that the plaintiffs' compensatory damages where a supervisor or manager allegedly participated in the tip pool equaled the tip credit retained by the employer for each hour that the plaintiff worked. *See Wajcman*, 620 F. Supp. 2d at 1355 n.2, *Ayres,* 12 F. Supp. 2d at 309.

Accordingly, because the FLSA does not allow Plaintiff to recover "tips illegally shared" Plaintiff's claim to recover misallocated "tips" must be dismissed with prejudice pursuant to Rule 12(b)(1).

**D.     Plaintiff's Counts III, IV & V Must Be Dismissed Pursuant to Rule 12(b)(6) or 12(b)(1)**

Plaintiff's Breach of Contract (Count III), Accounting (Count IV), and Unjust Enrichment (Count V) are all dependent on the allegation that Plaintiff entered into a contract with Defendants.  However, Plaintiff has failed to meet the pleading requirements of Rule 8

because they have failed to give a "plain statement of the claim showing that the [they are] entitled to relief." Furthermore, Plaintiff has failed to allege any necessary facts that a contract existed.

## Plaintiff Has Failed To Suitably Allege A Contract Existed

The elements of an action for breach of contract in Florida are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. *Grove Isle Ass'n v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094 (Fla. 3d DCA 2014). The existence of a contract is shown by illustrating the contracts elements such as offer and acceptance, as well as the terms of contact. A contract does not exist simply because there is an agreement between people. The parties to the agreement must intend to enter into a legally binding agreement. This will rarely be stated explicitly but will usually be able to be inferred from the circumstances in which the agreement was made. In the instant case, Plaintiff has failed to show the existence of a contract, and Counts III, IV and V must be dismissed.

Plaintiff in her Complaint alleges that there was "employment relationship" between the Plaintiff and River Yacht Club. [D.E. #1, ¶10]. In Count III, Plaintiff state there was a contract between Plaintiff and Defendant CG RYC to compensate Plaintiff as a "Tipped Employee" under the FLSA, and that CG RYC breached the contract by failing to properly and accurately compensate Plaintiff in accordance with the terms that the parties agreed to when the employment relationship began and as a result of CG RYC's breach of the contract, Plaintiff has suffered and will continue to suffer substantial damages. [D.E. #1, ¶65]. However, just because there was an "employment relationship" or agreement, does not mean there is a contract. Plaintiff's allegations do not meet the pleading requirement of Rule 8 and should be dismissed.

Plaintiff's claims that there was an employment contract is lacking.  In support of her claim that there was an employment contract, Plaintiff fails to identify if the contract was written or oral. Plaintiff did not attach a copy of any written contract(s) or pages from an employee manual to her Complaint to support her claim, therefore, the Court can only surmise that the contract was an oral contract.  *See Safeco Ins. Co. of Am. v. Ware*, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981) ("In the case of a complaint based on a written instrument it does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question.").  However, Plaintiff's Complaint fails to explain when the oral contract was formed, with whom Plaintiff spoke with regarding the contract, and most importantly, the term or length of her employment by CG RYC. *See Leonardi v. City of Hollywood*, 715 So. 2d 1007 (Fla. 4th DCA 1998) (The general rule of at-will employment is that an employee can be discharged at any time, as long as he or she is not terminated for a reason prohibited by law, such as retaliation or unlawful discrimination.).

For the foregoing several reasons, Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendant respectfully requests that the Court grant the instant Motion in its entirety, enter an Order dismissing Plaintiff's Complaint with Prejudice, and grant such other and further relief as is just and proper.

Dated: March 16, 2018                                                       Respectfully submitted,

                                                                            s/ Lowell J. Kuvin
                                                                            Lowell J. Kuvin
                                                                            Fla. Bar No.: 53072
                                                                            lowell@kuvinlaw.com
                                                                            Sundeep K. Mullick
                                                                            Fla. Bar No. 18175
                                                                            sunny@kuvinlaw.com
                                                                            Law Office of Lowell J. Kuvin, LLC

17 East Flagler St., Suite 223<br>
Miami, Florida 33131<br>
Tel:	305.358.6800<br>
Fax:	305.358.6808<br>
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy of the foregoing document to Plaintiff's counsel, Robert Zarco, Esq. (FBN 502138) (rzarco@zarcolaw.com), Beshoy Rizk, Esq. (FBN 93808) (brizk@zarcolaw.com) and Margaret T. Lai, Esq. (FBN 0074395)(mlai@zarcolaw.com).

By:   s/ Lowell J. Kuvin
       Lowell J. Kuvin, Esq.