UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-Civ-20125-WILLIAMS/TORRES

MILENA SUTAKOVIC,

    Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER
LLC, FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT.

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

This matter is before the Court on CG RYC, LLC's, CG Miami River LLC's, Food and Leverage, LLC's, Stephane Dupoux's, and Meyer Chetrit's (collectively, "Defendants") motion for sanctions against Milena Sutakovic's ("Plaintiff") attorneys, including Robert Zarco, Beshoy Rizk, Margaret Lai, and the law firm of Zarco Einhorn Sakowski & Brito, P.A. (collectively, the "Zarco Firm"). [D.E. 19]. More specifically, Defendants seek sanctions under (1) Fed. R. Civ. P. 11, (2) 28 U.S.C. § 1927, and (3) the Court's inherent power. The Zarco Firm responded to Defendants' motion on April 17, 2018 [D.E. 23] to which Defendants timely replied on April 23, 2018. [D.E. 24]. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the motion, response, and relevant

1

authority, and for the reasons discussed below, Defendants' motion for sanctions is **DENIED**.

## I. BACKGROUND

Plaintiff filed this action on January 11, 2018. [D.E. 1]. Counts I and II of the complaint allege that Defendants violated the Fair Labor Standards Act (the "FLSA") and that "Plaintiff is entitled to receive her full share of the tips that River Yacht Club collection from its patrons, via the 18% gratuity, as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. 1]. Plaintiff also alleges (1) that she was a server at the River Yacht Club, (2) that she was compensated as a tipped employee, and (3) that she participated in a tip pool to share the tips and gratuities that the River Yacht Club collected from its patrons as service charges. Because Defendants violated the FLSA and withheld tips from Plaintiff, she seeks monetary damages, unjust enrichment, pre-judgment interest, and attorneys' fees/costs under Florida Statute § 448.08.

## II. APPLICABLE PRINCIPLES AND LAW

### A. *Rule 11 Sanctions Standard*

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading

2

that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . . Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) provides the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on

3

such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

### B.  *§ 1927 Sanctions Standard*

A district court's authority to issue sanctions under § 1927 is either broader than or equally as broad as a court's authority to issue sanctions under its inherent powers. *See Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 n.6 (11th Cir. 2005). Sanctions are appropriate under 28 U.S.C. § 1927 where "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." There are three essential requirements that must be satisfied with respect to a fee award under § 1927. As the Eleventh Circuit has explained:

> First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

4

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (citations and quotation marks omitted). The first requirement is satisfied "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (citation omitted). In fact, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions" which means the "attorney must *knowingly* or *recklessly* pursue a frivolous claim . . . ." *Id.* (emphasis in original) (citation omitted). Negligent conduct – standing alone – will not suffice as "something more than a lack of merit is required." *Id.* (citation omitted). The second requirement – relating to multiple proceedings – is only satisfied when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396)). As for the final requirement, any sanction award must not be excessive in relation to the underlying misconduct.

### C. <u>Inherent Power Sanctions Standard</u>

A court may sanction an attorney pursuant to its "inherent power" to police behavior that undermines the judiciary's ability to achieve the just, orderly, and expeditious disposition of cases. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). "The inherent power 'is both broader and narrower than other means of imposing sanctions.'" *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting *Chambers*, 501 U.S. at 46). It is broader in the sense that, "[w]hile

5

other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses' and 'must continue to exist to fill in the interstices.'" *Id.* (quoting *Chambers*, 501 U.S. at 46). "Indeed, the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct, for these rules are not substitutes for the inherent power." *Id.* (quoting *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) (internal quotation marks omitted)). At the same time, the inherent power is narrower in the sense that a finding of bad faith is required to impose such sanctions. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Ordinarily, a court should not impose sanctions pursuant to its inherent authority if Rule 11 would suffice. *See* Fed. R. Civ. P. 11, Adv. Cmt. Note, 1993 amend. "But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power" to sanction misconduct. *Chambers*, 501 U.S. at 50.

"The key to unlocking a court's inherent power is a finding of bad faith." *Barnes*, 158 F.3d at 1214. In this context, "'[a] finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'" *Id.* (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). The Eleventh Circuit has recently held that "the inherent powers standard is a subjective bad-faith standard." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Importantly

6

however, the court clarified that absent direct evidence of subjective bad faith, this standard can also be met if an attorney's conduct is "tantamount to bad faith," meaning the "attorney's conduct is so egregious that it could only be committed in bad faith." *Id*. at 1224–25 (citing *Roadway Exp.*, 447 U.S. at 767). An attorney's conduct is "tantamount to bad faith" if he "recklessly raises a frivolous argument." *Id*. at 1225 (quoting *Barnes*, 158 F.3d at 1214). "Recklessness alone does not satisfy the inherent powers standard," but "recklessness plus a frivolous argument suffice." *Id*.

The Eleventh Circuit has offered additional guidance to lower courts in considering whether to invoke their inherent power to impose sanctions:

> If a district court is unsure whether to sanction a party under its inherent powers, it should look to the guidance of the Supreme Court in *Chambers*. The purpose of the inherent power is both to vindicate judicial authority without resorting to contempt of court sanctions and to make the non-violating party whole. *See* Chambers, 501 U.S. at 45–46. The inherent power must be exercised with restraint and discretion. This power is not a remedy for protracted litigation; it is for rectifying disobedience, regardless of whether such disobedience interfered with the conduct of the trial. *See id*. at 44. Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority.

*Id*.

### III. ANALYSIS

Defendants' motion is aimed at Plaintiff's attorneys – the Zarco Firm – for filing and continuing to prosecute a frivolous lawsuit. Plaintiff filed this case for the misappropriation of tips under the FLSA. But, Defendants argue that Plaintiff has no actionable claim because Defendants' pay practices qualify for an exemption. Defendants claim that they have provided the Zarco Firm with documentation

7

necessary to prove that Defendants qualify for the exemption but that the Zarco Firm continues to pursue a frivolous case. Because the Zarco firm is fully aware that Plaintiff's claim lacks merit, Defendants allege that the pursuit of this case is (1) vexatious, (2) in bad faith, (3) for an improper purpose, and (4) to harass Defendants.

As further support for its allegation that the Zarco Firm filed this case in bad faith, Defendants claim that Robert Zarco is a direct competitor of the River Yacht Club and that his true motivation for filing this lawsuit is to harm another business for financial gain. Defendants also argue that the Zarco Firm has extensive expertise involving the FLSA and that it should have conducted a reasonable pre-filing inquiry into the merits of this case before filing suit. And even if Defendants gave the Zarco Firm the benefit of the doubt, Defendants contend that the Zarco Firm is on notice that an exemption applies to Plaintiff's pay and time records. For these reasons, Defendants conclude that sanctions are appropriate under (1) Rule 11, (2) § 1927, and (3) the Court's inherent power.

### A. *Rule 11 Sanctions*

In considering whether Rule 11 sanctions are appropriate, Defendants' motion lacks merit for at least two important reasons. First, the motion represents an improper attempt to convert a disagreement over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute. Yet, a Rule 11 motion is not an avenue to seek judgment on the merits of a case. Instead, its purpose is to determine whether an attorney has abused the judicial process. *See Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more

appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'") (quoting *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 244 F.R.D. 70, 74 (D. Me. 2007) (denying Rule 11 motion without prejudice to its renewal "if and when [Defendant] obtains summary judgment") (citations omitted)); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-21 (S.D.N.Y. 2003) (discussing that Rule 11 sanctions are not a substitute for motions for summary judgment).

As the plain language of Rule 11 indicates, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that a court document "is not being presented for an improper purpose", "the claims, defenses, and other legal contentions are warranted by existing law," and the "factual contentions have evidentiary support . . . ." Fed. R. Civ. Pro. 11(b). Because Defendants are relying on the wrong type of motion for the relief sought, their motion must be **DENIED**.

Second, Defendants' motion must be denied because it is premature at this stage of the case. As the Eleventh Circuit has found, Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

*Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (quotation marks and citation omitted). The Eleventh Circuit's position is consistent with the Rules Advisory Committee which "anticipated that in the case of pleadings the sanctions

9

issue under Rule 11 normally will be determined at the end of the litigation. . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case"). Given the facts of this case, we see no reason to deviate from the preferred practice described above.

Defendants' motion is also premature because Rule 11 contemplates a two-step, objective inquiry. *See Baker*, 158 F.3d at 524. "Applying that test is not feasible at this stage of the litigation, as it is not possible to determine on this record if the allegations" in the complaint "are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making a reasonable inquiry, and whether [Plaintiff's complaint] is baseless." *KB Home v. Smith*, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014).

Because Rule 11 sanctions should ordinarily be reserved at the end of a case, Defendants' motion is **DENIED** with leave to renew prior to entry of judgment or dismissal. *See, e.g.*, *Baker*, 158 F.3d at 523 ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'").

### B. *§ 1927 Sanctions*

In considering whether § 1927 sanctions are appropriate, we assess whether an attorney's conduct merits bad faith, which "turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 683 (S.D. Fla. 2009) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)). Thus, the crucial component of this analysis is based on whether the attorney's "conduct was unreasonable and vexatious when measured against an objective standard." *Hudson*, 499 F.3d at 1262 (citation omitted). Yet, this does not mean that an attorney's intent is completely irrelevant because "an attorney's subjective state of mind is frequently an important piece of the calculus" and an "act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonable and vexatious' if it is done with a malicious purpose or intent." *Hudson*, 499 F.3d at 1262 (citation omitted).

Here, Defendants' motion is misplaced because there is not enough evidence to find that the Zarco Firm's actions are tantamount to bad faith. While Defendants may ultimately prevail on their motion to dismiss, there is not enough evidence to conclude, at this time, that the Zarco Firm's conduct is "unreasonable and vexatious when measured against an objective standard." *Hudson*, 499 F.3d at

11

1262. As the Eleventh Circuit has explained, it is important that courts not:

> [E]ngage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Cordoba*, 419 F.3d at 1181 (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22, (1978)). For example, even if Plaintiff's claim is exceptionally weak, Defendants have not shown that it was "entirely 'without foundation'" as required under the statute. *See Christiansburg Garment Co.*, 434 U.S. at 420. And even if we assume that the Zarco Firm was negligent in failing to realize that Plaintiff's case lacks merit, that would still be insufficient to make a finding of bad faith. *See Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003) ("For sanctions under section 1927 to be appropriate, something more than a lack of merit is required) (citation omitted). Accordingly, Defendants' motion for sanctions under § 1927 is **DENIED**.

### C. *Inherent Power Sanctions*

The final issue to consider is whether sanctions should be imposed against Plaintiff under the Court's inherent power. We need not discuss this issue at length because sanctions under the Court's inherent power fails for many of the same reasons as presented above. For example, "[w]hen considering sanctions under the court's inherent power, the threshold of bad faith conduct is 'at least as high' as the

threshold of bad faith conduct for sanctions under 28 U.S.C. § 1927." *Springs v. Gielow*, 2016 WL 6093496, at *1 (N.D. Fla. July 26, 2016), *Report and Recommendation adopted*, 2016 WL 6090946 (N.D. Fla. Oct. 18, 2016) (citing *Peer*, 606 F.3d at 1316; *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007)). This means that, if there is a lack of evidence to find that Plaintiff should be sanctioned under § 1927, the Court's inherent power is also inapplicable. Moreover, to unlock a Court's inherent power, there must be a finding of bad faith and as we explained earlier, there is simply not enough evidence to make that conclusion at this stage of the case. *See Peer*, 606 F.3d at 1314 ("The key to unlocking a court's inherent power is a finding of bad faith."); *see also In re Mroz*, 65 F.3d at 1575 ("Invocation of a Court's inherent power requires a finding of bad faith."). Therefore, Defendants' motion for sanctions under the Court's inherent power is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motion for sanctions [D.E. 19] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of June, 2018.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge